Maurice O'CONNOR, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

No. 81 Civ. 2430 (CBM).

United States District Court, S.D. New York.

July 18, 1985.

Morris Rubin, Brooklyn, N.Y., for plaintiff.

Rudolph W. Giuliani, U.S. Atty. for the S.D. of N.Y. by Rosemarie E. Matera, Asst. U.S. Atty., New York City, for defendant.

## OPINION

MOTLEY, Chief Judge.

Plaintiff brings this action pursuant to Section 205(g) of the Social Security Act (the "Act"), as amended, 42 U.S.C. Section 405(g) to review a final determination by the Secretary of Health and Human Services (the "Secretary"). Upon reversal of an award determination by the Administrative Law Judge ("ALJ"), plaintiff's application for federal disability insurance benefits was denied. Plaintiff appeals, alleging that the Secretary's denial of benefits is unsupported by substantial evidence and is arbitrary and capricious.

Subsequently, both parties have filed motions for judgment on the pleadings under Fed.R.Civ.P. 12(c). On review, the court finds that the Appeals Council erred in relying, in part, on the summary and evaluations of a previously vacated opinion in order to reach a final determination. Reliance on such procedurally tainted evidence may have violated plaintiff's substantive right to a fair assessment of his claim. Therefore, this case is remanded to the Appeals Council for a new decision based only on relevant evidence.

## FACTS

The history of the present action spans more than a decade. In September, 1973, plaintiff Maurice O'Connor, while on duty as a marine engineer for the New York City Fire Department, slipped and fell on a fireboat. As a result, O'Connor suffered back and neck injuries and was reassigned to light duty. In May, 1974, the Fire De-partment Medical Board determined that the plaintiff was "permanently partially disabled." O'Connor was thus retired from his twenty year career with the Fire Department and granted an accident disability pension.

In 1975, O'Connor applied for disability benefits and was denied at the initial filing of his application as well as upon reconsideration. The following year, O'Connor requested a hearing before an ALJ to determine his entitlement to disability benefits under the Act. Plaintiff appeared *pro se* before ALJ Aaron Waldman in July, 1976. While numerous doctors reported that O'Connor suffered from physical impairment, no evidence was submitted that the plaintiff's injuries were totally disabling. ALJ Waldman thus determined that O'Connor was not entitled to benefits and the Appeals Council of the Social Security Administration upheld that decision.

O'Connor renewed his application for benefits in August of 1978. Again, his application was denied. At yet another administrative hearing, held in April, 1980, plaintiff appeared *pro se*. ALJ Emmanuel Poverstein considered the case *de novo*, received medical evidence supportive of plaintiff's claim, but determined that O'Connor was not disabled within the meaning of the Act. O'Connor's petition to the Appeals Council for review of this decision was denied.

Plaintiff then filed the instant action seeking judicial review of the Secretary's decision. The court found that ALJ Poverstein had conducted an insufficient inquiry into plaintiff's *pro se* claim, the result being an inadequate record upon which to base judicial review. In noting that "an administrative law judge has an affirmative duty to assist a *pro se* litigant in developing his case," No. 81–2430, slip op. at 9 (S.D.N.Y. September 15, 1982), the court remanded the case for further development. Specifically, the Secretary was ordered to inquire further into 1) the nature, extent and frequency of O'Connor's pain and 2) whether the plaintiff was capa-

ble of performing specific jobs which exist in the national economy.[1]

Following the District Court's order, the Appeals Council entered its own "Order of the Appeals Council Remanding Court Case to an Administrative Law Judge" on November 29, 1982. The substance of that order was that the Council "vacates its denial of the claimant's request for review *and the decision of the administrative law judge* and remands this case to an administrative law judge for further proceedings consistent with the Order of the Court." (Tr. 200) (emphasis added). By this action, the Secretary did more than simply refer O'Connor's case for a new hearing. She vacated and rendered a nullity the opinion of ALJ Poverstein.

A third administrative hearing on the O'Connor case was conducted by ALJ Neil Ross in July, 1983. This hearing differed from previous hearings in that plaintiff was now represented by counsel. Additionally, medical evidence was put forward which, for the first time, provided clinical support for O'Connor's claim that he suffered from both physical and mental impairment.

ALJ Ross found that O'Connor did not have a listed disability within the meaning of the Act. As such, he "retains the maximum functional capacity to perform some sedentary jobs." (Tr. 193). However, ALJ Ross also found O'Connor to have a severe physical impairment which significantly limited his ability to sit, stand, walk, lift or carry objects for prolonged periods of time. In weighing other factors such as O'Connor's age, lack of transferrable skills, work history, education, complaints of persistent pain, and presence of "strong psychogenic overlay", ALJ Ross returned a recommended decision to the Appeals Council

that O'Connor was entitled to disability benefits.

The Appeals Council reversed. In its decision of May, 1984, there is considerable reference to the vacated opinion of ALJ Poverstein. In its own language, the Appeals Council states that its evaluation of the evidence has incorporated "the summary and *evaluation* of the medical evidence and the hearing testimony detailed in the prior administrative law judge's decision of May 6, 1980." (Tr. 185) (emphasis added).

The Appeals Council fails to mention that the district court had already considered the record developed at the 1980 hearing as "inadequate." It also fails to explain why it gave any weight to an opinion that it had previously vacated. Plaintiff again appealed, alleging that the Secretary's new decision was unsupported by substantial evidence and that the agency's actions were arbitrary and capricious.

DISCUSSION:

■ When a court reviews a final determination of an administrative agency, it is not at liberty to roam the corridors of judicial speculation. Rather, in considering the whole record of the case, the court must determine whether there was substantial evidence to support the conclusion reached. *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S.Ct. 456, 465, 95 L.Ed. 456 (1951).

■ Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)); *Donato v. Secretary of Health and Human Services*, 721 F.2d

---

1. The remand order as to the second issue was effectively overruled by *Heckler v. Campbell,* 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983). The Supreme Court therein held that the Second Circuit had erred in requiring that the determination of "non-disability" be, in part, dependent on agency identification of *specific* jobs existing in the national economy that a

"non-disabled" claimant could perform. *Decker v. Harris,* 647 F.2d 291, 298 (2d Cir.1981). Under *Campbell,* the agency may rely on a finding that a claimant is not disabled if his capacity for work meets *general* job requirements laid out in the agency's medical and vocational guidelines. *See Medical-Vocational Guidelines,* 20 C.F.R. pt. 404, subpt. P, app. 2 (1984).

414, 418 (2d Cir.1983); *Parker v. Harris,* 626 F.2d 225, 231–32 (2d Cir.1980)

■ The substantial evidence test is generally applied when the agency action being reviewed is a final determination and is based on an evidentiary, trial-type hearing. 5 U.S.C. Section 556. The district court, however, must also be satisfied that the agency did not abuse its discretion in reaching the final determination. *Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc.,* 419 U.S. 281, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974); *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971); *Valente v. Secretary of Health and Human Services,* 733 F.2d 1037, 1041 (2d Cir. 1984).

■ The Administrative Procedure Act provides in pertinent part: "[T]he reviewing court shall ... (2) hold unlawful and set aside agency action, findings, and conclusions found to be—(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law...." 5 U.S.C.A. Section 706(2)(A). The two standards are not coextensive. Even if the court concludes that an agency's findings are supported by substantial evidence, it may nonetheless find the procedures used to reach a final determination "reflect arbitrary and capricious action." *Bowman Transportation,* 419 U.S. at 284, 95 S.Ct. at 441. The scope of review under the arbitrary and capricious standard is narrow: "A reviewing court must 'consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.' " *Id.* at 285, 95 S.Ct. at 441 (quoting *Overton Park,* 401 U.S. at 416, 91 S.Ct. at 823).

■ In applying this standard to the present record, the court concludes that the action of the Appeals Council was arbitrary and capricious and an abuse of discretion.

Having vacated ALJ Poverstein's opinion and ordered a new hearing, when the Appeals Council reviewed the results of the new hearing it should have assessed the conclusions of ALJ Ross and not those of ALJ Poverstein. By expressly relying on the summary and evaluations of ALJ Poverstein's vacated opinion, the Appeals Council gave weight to irrelevant factors such that it constituted a "clear error of judgment." *Overton Park,* 401 U.S. at 416, 91 S.Ct. at 823.

The court finds that the analysis contained in ALJ Poverstein's opinion was irrelevant for two independent reasons. First, the court had already held that the record adduced at the 1980 hearing reflected insufficient development of plaintiff's case and did not provide an adequate basis for the court's review. Therefore, any analysis or conclusions produced by the ALJ were of necessity similarly infirm, because the ALJ's opinions may have been skewed by the incomplete record. Second, in addition to this court's ruling that ALJ Poverstein's conclusions could not be relied upon, the Appeals Council *itself* had previously vacated the 1980 opinion. The Council's reliance on an opinion which it had rendered a nullity was, to say the least, procedurally improper.

Because of the Appeals Council's reliance on this irrelevant evidence, this court has no way of knowing if the Council's latest ruling was based on substantial evidence of O'Connor's alleged non-disability. The Appeals Council decision incorporates so much of ALJ Poverstein's irrelevant analysis [2] that it is impossible to tell whether the agency would still have found plaintiff "not disabled" if its review had been limited to relevant evidence. Therefore, we do not reach the question of substantial evidence but will address it, if necessary, in reviewing a subsequent ruling of the Secretary based only on legitimate evidence.

---

**2.** For example, the agency apparently relied on ALJ Poverstein's finding that the plaintiff "had the residual functional capacity for light work" (Tr. 185) and "claimant's pain had not been shown to give rise to a level of severity preclu-sive of the ability to perform light work." (Tr. 186). Both issues, however, were considered by the court to be in need of further development on the initial remand, so reliance on this analysis was improper.

The court finds that the agency's failure to observe procedural norms consistent with the district court's previous order, as well as with its own vacate order, was arbitrary and capricious, an abuse of discretion, and otherwise not in accordance with law.[3] Accordingly, remand is required so that the Appeals Council can evaluate the opinion of ALJ Ross and the underlying evidence and provide a final determination free of procedural taint.

On remand, however, we make clear that our concern is not with the Appeals Council's incorporation of the underlying *evidence* adduced at the 1980 hearing. Such evidence as is relevant may be analyzed by the Appeals Council, as it was by ALJ Ross. Moreover, absent a challenge to the adequacy of the record before ALJ Ross, the Council may choose to rely on or reject *his* analysis of the evidence. What is *not* acceptable is for the Appeals Council to put any reliance on the *conclusions* reached by ALJ *Poverstein* based on the inadequate record before him.

The Appeals Council non-award determination is therefore vacated and the case is remanded to the Secretary of Health and Human Services for further administrative action consistent with this opinion. The motions of both parties for judgment on the pleadings are denied.

---

[3.] In failing to provide an explanation for its reliance on an opinion that it had previously vacated, the agency's course of action, at best, lacks a rational basis. The court is reluctant, however, to further find that the Appeals Council intentionally ignored our previous order by attempting to resubmit, *sub silentio,* a set of conclusions already held to be inadequate by this court. In the absence of "a strong showing of bad faith or improper behavior" the court will not second-guess the "mental processes of administrative decisionmakers." *Overton Park,* 401 U.S. at 420, 91 S.Ct. at 825.